IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SARADA RAUCH and MOR ERLICH,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED AIRLINES, INC., a corporation,<br><br>*Defendant*. | Case No. 22-cv-5675<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Sarada Rauch and Mor Erlich, by their attorneys, Austin Bartlett of BartlettChen LLC, and for their Complaint against Defendant United Airlines, Inc. (referred to herein as "United"), alleges the following:

### Jurisdiction, Parties, and Venue

1. In this action, Plaintiffs, Sarada Rauch and Mor Erlich, a married couple residing in the United States, seek recovery of compensatory damages for bodily injuries and mental anguish they suffered as a result of an accident while onboard an international flight (Flight UA71) operated by

United Airlines, Inc. from Amsterdam, Netherlands to Newark, New Jersey, on September 2, 2022.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331. This action arises under an international treaty, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999, referred to as the "Montreal Convention."

3. Chicago, Illinois is the principal place of business of United Airlines, Inc. and thus venue is proper for this action pursuant to Article 33(1) of the Montreal Convention. Venue is proper in this District under 28 U.S.C. § 1391(b)(1).

**Background**

4. On September 2, 2022, Plaintiffs were passengers onboard a Boeing 777-200 aircraft, registration N787UA (the "Boeing aircraft"), operated by United as Flight UA71 from Amsterdam Schiphol Airport (AMS) in Amsterdam, Netherlands to Newark Liberty International Airport (EWR) in Newark, New Jersey.

5. While the Boeing aircraft was accelerating for takeoff, the Plaintiffs heard and felt a loud explosion. The aircraft cabin, including the row where Plaintiffs were seated, began filling with smoke, fumes, and particulates ("the accident").

6. Following the accident, United's pilots aborted the takeoff. In violation of industry standards and federal regulations, United's pilots and flight attendants failed to disembark its passengers in a timely manner and instead left the Plaintiffs seated in the fume-filled aircraft breathing in noxious smoke, fumes, and particulates.

7. In the immediate aftermath of the accident, United's flight attendants were rude, condescending, and dismissive of the passengers, including the Plaintiffs.

8. As a result of the events above, the Plaintiffs suffered bodily injuries and mental injuries, including coughing, difficulty breathing, a sore throat, mental anguish, distress, and anxiety, and a fear of flying.

9. As a common carrier, United owes the highest duty of care for the safety of its passengers, including the Plaintiffs.

10. Contrary to industry standards and federal regulations, United failed to assure that its Boeing aircraft was safe and free of defects so as not to expose its passengers to harm.

11. Contrary to industry standards and federal regulations, United failed to properly train its pilots and flight attendants regarding appropriately responding to an emergency fume event, including expeditiously deplaning passengers so as not to expose them to harmful and noxious smoke, fumes, and particulates.

12. Contrary to industry standards and federal regulations, United's pilots and flight attendants failed to properly assist passengers in disembarking the aircraft in response to an emergency fume event, which resulted in physical and mental injuries to the Plaintiffs.

## Count I – Montreal Convention

13. Plaintiffs incorporate their allegations 1 through 12 above as though set forth fully herein.

14. As a common carrier, United owes a legal duty to provide its passengers, including the Plaintiffs, with an aircraft that is safe and free of defects so as not to expose them and the flying public to smoke, fumes, and particulates, which are hazardous to human health. United also owes a legal duty to properly train its employees, including the pilots and flight attendants of the Boeing aircraft, on how to respond appropriately to emergency fume events, including providing proper assistance to passengers and deplaning them in a prompt manner.

15. In contravention of industry standards and federal regulations, United and its employees failed to:

a. Assure that the Boeing aircraft was safe, free of defects, and in proper working order so as not to expose United's passengers, including the Plaintiffs, to harmful and noxious smoke, fumes, and particulates;

b. Assure that the dangerous and unsafe condition on the Boeing aircraft was promptly corrected or mitigated;

    c.    Appropriately train pilots and flight attendants regarding identifying and responding to an emergency fume event and disembarking passengers during fume events;

    d.    Appropriately train and drill pilots and flight attendants on emergency evacuation procedures;

    e.    Assist the Plaintiffs in disembarking the aircraft immediately due to an emergency fume event; and,

    f.    Abandoning the Plaintiffs after they experienced an in-flight emergency.

16.    As a result of the foregoing acts or omissions by United and its employees, Plaintiffs suffered bodily injuries, including coughing, difficulty breathing, a sore throat, mental anguish, distress, and anxiety, a fear of flying, and other injuries and damages to be proven at trial.

17.    The above acts or omissions by United and its employees which proximately caused Plaintiffs' injuries were unexpected and unusual events or happenings external to the Plaintiffs and therefore each and every act or omission constitutes an Accident under Article 17 of the Montreal Convention.

18.    Under Articles 17 and 21 of the Montreal Convention, United is liable for all injuries that Plaintiffs have sustained and all damages flowing from those injuries.

WHEREFORE, the Plaintiffs, Sarada Rauch and Mor Erlich, respectfully request that the Court enter judgment in their favor and against

5

the Defendant, United Airlines, Inc., and award them all damages available under the law, their court costs in this matter, and such other relief as the Court deems just and proper.

### Count II – Negligence

19. Plaintiffs incorporate their allegations 1 through 12 above as though set forth fully herein.

20. As a common carrier, United owes a legal duty to provide its passengers, including the Plaintiffs, with an aircraft that is safe and free of defects so as not to expose the flying public to smoke, fumes, and particulates, which are hazardous to human health. United also owes a legal duty to properly train its employees, including the pilots and flight attendants of the Boeing aircraft, on how to respond appropriately to emergency fume events, including providing proper assistance to passengers and deplaning them in a prompt manner.

21. In breach of its duties and in contravention of industry standards and federal regulations, United and its employees were negligent in one or more of the following ways:

a. They failed to assure that the Boeing aircraft was safe, free of defects, and in proper working order so as not to expose United's passengers, including the Plaintiffs, to harmful and noxious smoke, fumes, and particulates;

6

b. They failed to assure that the dangerous and unsafe condition on the Boeing aircraft was promptly corrected or mitigated;

c. They failed to appropriately train pilots and flight attendants regarding identifying and responding to an emergency fume event and disembarking passengers during fume events;

d. They failed to appropriately train and drill pilots and flight attendants on emergency evacuation procedures;

e. They failed to assist the Plaintiffs in disembarking the aircraft immediately due to an emergency fume event;

f. They abandoned the Plaintiffs after they experienced an in-flight emergency; and,

g. They were otherwise negligent.

22. As a result of the foregoing negligent acts or omissions by United and its employees, Plaintiffs suffered bodily injuries, including coughing, difficulty breathing, a sore throat, mental anguish, distress, and anxiety, a fear of flying, and other injuries and damages to be proven at trial.

23. The above acts or omissions by United and its employees proximately caused Plaintiffs' injuries.

24. United is liable for all injuries that Plaintiffs have sustained and all damages flowing from those injuries.

WHEREFORE, the Plaintiffs, Sarada Rauch and Mor Erlich, respectfully request that the Court enter judgment in their favor and against

the Defendant, United Airlines, Inc., and award them all damages available under the law, their court costs in this matter, and such other relief as the Court deems just and proper.

## JURY TRIAL

Plaintiffs demand a jury trial on all claims and issues so triable.

Dated: October 17, 2022      Respectfully submitted,

By: /s/ *Austin Bartlett*
Austin Bartlett (ARDC No. 6273427)
**BartlettChen LLC**
77 W. Wacker Drive, Suite 4500
Chicago, Illinois 60601
(312) 624-7711
www.bartlettchenlaw.com
austin@bartlettchenlaw.com

*Counsel for Plaintiffs*